ShackblfoRD, J.,
delivered the opinion of the Court.
This is a petition for dower, hy the- widow of James Tarpley. He, in his life time, as guardian of his children, appropriated certain funds, in his hands, in the purchase of a tract of land containing one hundred and eighty-five acres. A hill was filed to enforce a resulting trust; a decree was pronounced in the Chancery Court, and hy an appeal, taken to -this Court. The trust was declared, and the cause remanded to the Chancery Court for an account, to ascertain the amount of money, of the complainant’s, that had heen invested in the tract of laud, of one hundred and eighty-five acres, by the guardian.
Tarpley died, having made and published his last Will, which was duly proven. To this the petitioner dissented. A suggestion of insolvency was made of the estate.
On the 31st of May 1859, James Tarpley, the husband of petitioner, made and executed a deed of trust to McCullough, the. defendant, conveying the tract of land of one hundred' and eighty-five acres, and the tract of twenty-eight acres, to' secure him in the payment of $300, and the value of a slave. The tract of one hundred and eighty-five acres is the same in which the complainant in the suit referred to, was declared to have a resulting trust. The deed of trust was duly registered. A sale of the land was ordered by the creditors. An injunction issued upon the filing of the petition, to restrain the sale of the lands, until the matters of this petition were heard. The pe *248 titioner asks to be endowed of one-third of the tract of twenty-eight acres, and ' of such interest as may be decreed of the one hundred and eighty-five acres, after that portion may be assigned, under the former decree of this Court, declaring a resulting trust. A decree was pronounced by the Chancellor, giving her dower in the real estate of her husband, in the lands conveyed in the trust deed to McCullough, from which decree he has appealed to this Court.
The question presented for the determination of the Court, is, whether a widow whose husband executed a deed of trust to secure his creditors, which has been duly registered in his life time, and not sold, can have dower specifically assigned her in the lands conveyed. By the common law, the widow is entitled to one-third of all the lands of which the husband was seized during coverture. This right commences with the marriage, and terminates upon the death of the husband. By the Act of 1784, the right of the widow was restricted to all the lands of which the husband died, seized and possessed. Subsequent Acts were passed, extending the right of dower to equitable interests. The Courts have always given a broad and liberal construction to the Statutes giving the right of dower. It is a right as old as the common law, and that has been cherished by the Legislature and Courts.
It is recognised as a claim superior to creditors, and all others who did not have a specifiic lien upon the land. Dower is preferred to the claims of creditors who have obtained a judgment against the hus *249 band in bis life time, and had their executions levied on the lauds. Any attempt on the part of the husband to defeat it, is fraudulent and void as to her. A mortgage or deed of trust executed by the husband previous to the passage of the Act of 1856, ch. 57, defeated her of dower: 5 Hum., 26; 8, Hum., 710.
These decisions induced the Legislature to pass the Act of 1856. That Act provided, when the husband died before the mortgage was foreclosed, or a sale of land under the deed of trust was made, the widow should be endowed out of the land. This Act is. carried into the Code: sec. 2399. By section 2898 of the Code, if any person die intestate, leaving a widow, she shall be entitled to dower in one-third of all the lands of which her husband died, seized and possessed, or of which he was the equitable owner. By the Act of 1823, widows were entitled to dower out of the equitable estate of which the husband was the owner at his death. This Act was carried into the Code in this section. Section 2399, provides she shall. be entitled to dower in lands mortgaged or conveyed to pay debts, when the husband dies before foreclosure of the mortgage, or sale under the 'trust deed.
If it was the intention of the Ligislature to give her dower only in the surplus, " after the payment of the debts secured in the .deed, this section can have no meaning, as the previous section gives her the right of dower in equitable estates.
The decisions of this Court in the case of Grieer et al., 5 Hum., and Wm. Gieer vs. Cherry, 8 Hum., hold a deed of trust or mortgage defeated the widow’s *250 dower, or that she would be preferred to the creditors secured. The Act of 1856, ch. 57, giving the widow the right of dower in mortgages and trust deeds, when the same were not closed in the husband’s life time — the provisions of that Act being carried into the Code, in section 2399 — can leave no doubt it was the intention of the makers of the law to endow her of all lands which had been mortgaged by the husband, or conveyed to secure debts, when the mortgage had not been foreclosed, or sale made, under the deed. Her claims are paramount to the creditors secured, and will be enforced.
The section of the Code is plain, and not ambiguous, and expresses clearly the object of the Legislature was to extend this ancient and cherished right of dower to mortgages and lands conveyed in trust to pay debts. The petitioner is entitled . to dower in the tract of twenty-eight acres, and to that portion of the one hundred and eighty-five acres that may be decreed in the settlement of the case in which the resulting trust was declared by this Court, and which had been conveyed by her husband to secure defendant in the payment of his debts.
The cause will be remanded to the Chancery Court, at Murfreesboro, for the assignment of dower, upon ascertaining the quantity of land to which the husband is entitled, of the tract of one hundred and eighty-five acres, and for the assignment of dower on the twenty-eight acre tract.
There being no error in the decree, it is affirmed.